IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PATRICK DALE DESHAW,                                    CV. 10-1141-MO

                    Plaintiff,                    ORDER TO DISMISS

        v.

STATE OF OREGON CIRCUIT COURT,

                    Defendant.

MOSMAN, District Judge.

        Plaintiff, an inmate at the Marion County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983.  In a separate order, the court has granted plaintiff leave to proceed *in forma pauperis*.  However, for the reasons set forth below, plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2).

## BACKGROUND

        Plaintiff alleges that the State of Oregon, by and through the Circuit Court, has unlawfully deprived him of his liberty.

1 - ORDER TO DISMISS

Plaintiff seeks unspecified "reward or settlement" as well as his legal costs and fees.

## STANDARDS

Pursuant to 28 U.S.C. § 1915A(a), the court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted.   28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).   In order to state a claim, plaintiff's complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

Dismissal for failure to state a claim is proper if it appears beyond doubt that plaintiff can prove no set of facts in support of his claims that would entitle him to relief.   *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).   Because plaintiff is proceeding *pro se*, the court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## DISCUSSION

As an initial matter, the only defendant identified in the caption of the Complaint is the State of Oregon Circuit Court. While plaintiff does later identify two state court judges as defendants, they are not named in the caption of the Complaint as required by Fed. R. Civ. P. 10(a). Even if plaintiff had named the state court judges as defendants in the caption of his Complaint, he would be unable to state a claim against them because judges are absolutely immune from a suit for damages arising out of judicial acts performed in their judicial capacity. *Mireless v. Waco*, 502 U.S. 9, 11 (1991).

Plaintiff's claims against the State of Oregon Circuit Court are barred by the agency's sovereign immunity. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (absent clear and unequivocal waiver, Eleventh Amendment bars suit in federal court against state agency). To the extent plaintiff could amend his Complaint to state a claim against a proper state employee in his individual capacity so as to avoid this sovereign immunity problem, such a claim would be premature since § 1983 challenges to the legality of an inmate's confinement are barred absent a showing that the confinement has been invalidated through a state direct or collateral proceeding, or in

a federal habeas corpus action.[1] *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Edwards v. Balisok*, 520 U.S. 641 (1997). Consequently, the Complaint is dismissed for failure to state a claim, and the dismissal is without leave to amend.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff's Complaint (#2) is DISMISSED for failure to state a claim. Because plaintiff cannot cure these deficiencies at this time, the dismissal is without leave to amend. The dismissal is, however, without prejudice to plaintiff's right to bring a 42 U.S.C. § 1983 challenge against a proper defendant should he invalidate his state confinement through a proper collateral challenge.

IT IS SO ORDERED.

DATED this __2__ day of November, 2010.


/S/Michael W. Mosman
             Michael W. Mosman
             United States District Judge

---

[1] Plaintiff alleges that he has two separate habeas corpus actions pending at the present time. Complaint (#2), p. 2.

4 - ORDER TO DISMISS